UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

Dr. EARL S. LEE,

        Plaintiff,

    v.

JOYCE CARR, CINDY AMUNDSON (O'HALLORAN), DENNIS DOESHER, YAKIMA HEALTH DISTRICT, and BRAD MELLOTTE,

        Defendants.

No. CV-04-3090-FVS

ORDER GRANTING SUMMARY JUDGMENT AND ENTERING JUDGMENT

**THIS MATTER** came before the Court pursuant to the defendants' motions to dismiss and motions for summary judgment. The Court heard oral argument in this matter on April 7, 2005. The defendants were present and represented by counsel. James Adams appeared on behalf of the defendants Joyce Carr and Cindy O'Halloran; Sara Watkins appeared on behalf of the defendants Yakima County Health District and Dennis Doescher; Gary Lofland appeared on behalf of Defendant Brad Mellotte. The plaintiff is proceeding *pro se* but he did not appear at the hearing or respond to the defendants' motions.

**Procedural History**

On August 4, 2004, Plaintiff filed this action alleging he was retaliated against by the defendants in violation of the Fair Housing Act, 42 U.S.C. § 3617, and Washington's state Law Against Discrimination, RCW 49.60 et seq. On September 8, 2004, Plaintiff moved for default under LR 55(b)(1) on grounds that the defendants

ORDER GRANTING SUMMARY JUDGMENT AND ENTERING JUDGMENT - 1

failed to file their Answers to Plaintiff's Complaint in the time required. The Court denied this motion after finding that the defendants each filed timely Answers, Ct. Rec. 22. On November 22, 2004, Plaintiff failed to appear for a court-ordered scheduling conference. On November 29, 2004, Plaintiff failed to appear for his deposition. Thereafter, each defendant filed a motion to dismiss, or in the alternative, motion for summary judgment. Plaintiff did not respond to any of those motions.

**Summary Judgment Standard**

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). When considering a motion for summary judgment, the Court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505 (1986).

**Relevant Facts**

Here, because Plaintiff did not respond to the defendants' motions for summary judgment, the only facts considered by the Court are those submitted in the defendants' Joint Statement of Material Facts, Ct. Rec. 28. Those facts are adopted and incorporated herein by reference.

**Discussion**

The Court carefully and independently reviewed the defendants' motions since Plaintiff failed to respond.

*Yakima County Health District*

Defendant Yakima County Health District ("Health District") moves to dismiss the Complaint for insufficiency of service of process and lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) and (5).  Defendant Health District is a governmental organization that has powers and duties granted by the county board of health.  RCW 70.46.060.  According to Federal Rule of Civil Procedure 4(j)(2), service upon a governmental organization is effected by serving its chief executive officer or by serving the summons and complaint in accordance with state law.  Here, Plaintiff attempted to serve the Health District by serving Defendant Dennis Doesher.  As an employee of the Health District, Mr. Doescher does not have authority to accept service on behalf of the Health District.  The Health District was not properly served because Plaintiff did not serve a chief executive officer or an agent authorized to accept service on behalf of the Health District. Accordingly, the Court grants Defendant Health District's motion to dismiss for insufficient service of process.

With respect to the remaining defendants' motions, the Court concludes that summary judgment is appropriate.

*Joyce Carr*

The Court determines that Defendant Carr is exempt from liability under 42 U.S.C. § 3604 because she meets the requirements

ORDER GRANTING SUMMARY JUDGMENT AND ENTERING JUDGMENT - 3

of the exemption found at section 3603.  Moreover, even if Defendant Carr did not meet the exemption, there is no evidence that her actions were motivated by Plaintiff's race.  Rather, the record demonstrates that (1) Plaintiff had no legal right to participate in the option to purchase; (2) Plaintiff did not accept and insisted on modifying the terms on all offers made by Defendant Carr; (3) after deciding she could not trust Plaintiff, Defendant Carr stopped negotiating with Plaintiff; and (4) Defendant Carr attempted to evict Plaintiff only because he was not properly caring for Defendant Carr's rental property.

*Brad Mellotte*

With respect to Defendant Mellotte, the record reflects that his actions and conduct were consistent with his role as Defendant Carr's legal counsel.  No evidence exists to show Defendant Mellotte's actions were based on an independent, discriminatory intent or purpose.  To the contrary, Mr. Mellotte did not know Mr. Lee's race during the exchange of correspondence.

*Cindy O'Halloran and Dennis Doescher*

With respect to Defendant O'Halloran, the record reflects only that she reported Plaintiff to the Health District because the yard of the rental house occupied by Plaintiff contained excessive dog feces.  With respect to Defendant Doescher, the record reflects that he performed his job duties as an employee of the Health District. Defendant Doescher and the Health District simply responded to a citizen's complaint, investigated the complaint, issued two notices to the property owner, and issued a follow-up letter when the

ORDER GRANTING SUMMARY JUDGMENT AND ENTERING JUDGMENT - 4

condition was fixed. There is no evidence that either of these defendants' actions were motivated by Plaintiff's race.

The Court concludes that there is no evidence that Plaintiff was denied any right under the Fair Housing Act, 42 U.S.C § 3604, or that any actions of the defendants, alone or in concert, could be considered unlawful coercion, intimidation, or interference under 42 U.S.C. § 3617. Accordingly, with respect to Plaintiff's claims asserted under the Fair Housing Act, the Court grants summary judgment in favor of all defendants.

**Supplemental Jurisdiction**

The Court exercises supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's claims brought under RCW 49.60. The Court concludes that no evidence exists in the record to find that Plaintiff's race played any part in the decisions, acts, or conduct of any of the defendants. Accordingly, the defendants' motions for summary judgment are granted with respect to Plaintiff's claims brought under Washington state law.

**Sanctions**

The defendants each request an award of attorney fees and costs pursuant to Local Rule 1.1. The Court determines that sanctions are appropriate. This is a case where the plaintiff filed a lawsuit, served some, but not all of the parties, and then declined to participate any further. Plaintiff's last participation in the case was September 8, 2004. Thereafter, Mr. Lee failed to provide the required disclosures under Federal Rule of Civil Procedure 26(a), failed to participate in the Court-ordered scheduling conference,

failed to appear for his scheduled deposition, and failed to respond to the defendants' motions. Plaintiff placed an unnecessary burden and cost on the defendants by allowing this lawsuit to continue without participating. The Court determines that the fees requested by the parties are reasonable. Accordingly, the Court awards fees and costs against Plaintiff in favor of the defendants as follows:

```
Yakima County Health District and Dennis Doescher: $5,853.57
Joyce Carr:  $8,802.50
Cindy O'Halloran:  $3,087.00
Brad Mellotte:  $6,186.25
```

**IT IS HEREBY ORDERED:**

1. Defendant Mellotte's Motion for Summary Judgment, **Ct. Rec. 23**, is **GRANTED**, and his Motion to Dismiss, **Ct. Rec. 23**, is **MOOT**.

2. Defendant Carr's Motion to Dismiss and Motion for Summary Judgment, **Ct. Rec. 29**, is **GRANTED**.

3. Defendant O'Halloran's Motion for Summary Judgment, **Ct. Rec. 33**, is **GRANTED**.

4. Defendant Doescher's Motion for Summary Judgment, **Ct. Rec. 37**, is **GRANTED**.

5. Defendant Yakima Health District's Motion to Dismiss, **Ct. Rec. 37**, is **GRANTED**.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to **ENTER JUDGMENT** in favor of all of the defendants, and enter this order and furnish copies to counsel and **Plaintiff**.

**DATED** this 25th day of April, 2005.

          s/ Fred Van Sickle
          Fred Van Sickle
     Chief United States District Judge

ORDER GRANTING SUMMARY JUDGMENT AND ENTERING JUDGMENT - 6